UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SHANE VANOVER and AUSTEN ROBERTS on Behalf of Themselves and Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> UNIFIED DOOR COMPANIES, L.L.C., and UNIFIED DOOR COMPANIES, L.L.C. D/B/A HICKLIN DOOR SERVICES <br><br> Defendants. | CASE NO. <br><br> COLLECTIVE ACTION PETITION |

## I.     INTRODUCTION

Plaintiffs are former employees of Unified Door Companies, L.L.C., and Unified Door Services, L.L.C. d/b/a Hicklin Door Services who provided services installing and repairing doors. Plaintiffs were hourly, non-exempt employees who were paid an hourly rate and entitled to overtime pay at a rate of one and a half times their regular hourly rate for all hours worked above 40 in one week.

Plaintiffs were non-office employees, meaning that their work required them to be on-site at customer locations installing doors, and transporting between job sites. Defendants did not require Plaintiffs to take breaks at a set time.

Plaintiffs tracked their work time on an iPad provided by Defendants for this purpose. There was a box on the "timesheet entry" tab on the iPad software labeled "NO LUNCH." Because of the nature their work, Plaintiffs often did not take a lunch break at all during work. On days they did not take a lunch break Plaintiffs would check the "NO LUNCH" box to inform Defendants that they did not take a lunch break that day.

However, Defendants maintained and continue to maintain a policy and practice of deducting 30 minutes per workday from non-office employees' work hours even if the employee did not take a 30-minute unpaid break for lunch and indicated as much by checking the "NO LUNCH" box. When Plaintiffs received their paychecks a 30-minute lunch break per workday was deducted from Plaintiffs' pay even for days that the Plaintiffs did not take lunch and did inform their employer that they did not take a lunch by checking the "NO LUNCH" box on Defendants' iPads.

Pursuant to the Fair Labor Standards Act ("FLSA"), an employer is required to pay non-exempt employees their regular rate of pay and any accompanying fringe benefits for all hours of work performed up to 40 hours per week and one and a half times their regular hourly rate of pay and accompanying fringe benefits for all hours worked in excess of 40 per week. Defendants, however, failed to pay Plaintiff for all hours of work performed up to and in excess of 40 hours per week in violation of the FLSA. Plaintiffs, therefore, file this Petition on behalf of themselves and all others similarly situated, against Defendants Unified Door Companies, L.L.C., and Unified Door Services, L.L.C. d/b/a Hicklin Door Services for failure to pay wages owed in violation of the FLSA.

**II.    JURISDICTION AND VENUE**

1.    This court has original jurisdiction over this action pursuant to the FLSA, particularly 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.    Pursuant to 28 U.S.C. § 1391(b) venue for this action is proper in the Central Division of the Southern District of Iowa, because the claim arose in this judicial district.

**III.     PARTIES**

3. Plaintiffs are, or have been within the last three years, hourly non-exempt employees of Defendants Unified Door Companies, L.L.C and Unified Door Companies, L.L.C. d/b/a Hicklin Door Services at its Des Moines, Iowa facility.

4. Plaintiffs are, or have been within the last three years, "employees" under the FLSA, 29 U.S.C. § 203(e)(1).

5. Defendant Unified Door Companies, L.L.C. ("Unified Door") is an Iowa corporation and at all material times operated a principal office out of Sioux City, Iowa, engaged in garage door repair, installation, and maintenance.

6. Defendant Unified Door Companies, L.L.C. d/b/a Hicklin Door Services ("Hicklin") is an Iowa corporation and at all material times operated a facility in Polk County located at 1672 NE 53rd Ave, Des Moines, Iowa and is engaged in garage door repair, installation, and maintenance. Ex. A.

7. Defendant Unified Door also operates, and at all material times operated, a facility located at 815 North Compton, Hiawatha, Iowa which operates by the name ACS Door Services of Cedar Rapids and is engaged in garage door repair, installation, and maintenance. Ex. B.

8. Defendant Unified Door also operates, and at all material times operated, a facility located at 8550 S 137th Circle #1, Omaha, Nebraska by the name ACS Door Services of Omaha and is engaged in garage door repair, installation, and maintenance. Ex. C.

9. Defendant Unified Door also operates, and at all material times operated, a facility located at 5030 S. 16th Street Unit 10, Lincoln, Nebraska, by the name ACS

Door Services of Lincoln and is engaged in garage door repair, installation, and maintenance. Ex. D.

10. Defendant Unified Door also operates, and at all material times operated, a facility located at 27083 Henry Place #14, Sioux Falls, South Dakota, by the name ACS Door Services of Sioux Falls and is engaged in garage door repair, installation, and maintenance. Ex. E.

11. Timothy Hicklin is, and at all material times was, the President of Unified Door.

12. At all material times Unified Door has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(a)(A), in that said enterprise has employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of more than $500,000.

13. At all material times Hicklin has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(a)(A), in that said enterprise has employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of more than $500,000.

**IV.     BACKGROUND**

14. Plaintiffs have been employed as installers for Defendants.

15. Plaintiffs each agreed to work for Defendants for an hourly rate agreed to between each individual Plaintiff and Defendants.

16. Plaintiffs' work duties for Defendants required them to be working on job sites and traveling between job sites.

17. Plaintiffs were non-office employees.

18. Defendants provided tablets for Plaintiffs to use for work purposes, including so Plaintiffs could track their work time.

19. Defendants required Plaintiffs to use the tablets to track their work time. Ex. F.

20. Plaintiff did track their work time on these tablets provided by Defendants.

21. Plaintiffs routinely clocked in at approximately 7:00am using the tablet provided by Defendants.

22. Plaintiffs tracked their lunch breaks on these tablets provided by Defendants.

23. Plaintiffs tracked their lunch breaks in the section labeled "lunch time" on the tablets provided by Defendants.

24. In the "lunch time" section on the tablets Plaintiffs could list how many minutes of lunch they took each day and whether that lunch was taken on a job site or off site.

25. The section labeled "lunch time" also had a box that Plaintiffs could check when they did not take a lunch at all that day labeled "NO LUNCH."

26.  Plaintiffs checked the "NO LUNCH" box when they did not take a lunch break that day.

27.  Defendants used the tablet data to calculate Plaintiffs' paychecks.

28.  Defendant Unified Door maintained an employee handbook that described various employee benefits and personnel policies. Ex. F.

29.  The Unified Door employee handbook included a policy regarding lunch breaks. Ex. F.

30.  The Unified Door lunch break policy states that non-office employees are allowed a 30-minute unpaid lunch break, but that the "nature of our business" does not "allow a set break time." Ex. F.

31.  The Unified Door lunch break policy stated that 30 minutes of lunch break time "will be deducted from your work hours on a daily basis whether you use it or not." Ex. F.

32.  Defendants deducted 30 minutes from Plaintiffs' work hours on days when they did not take a lunch and notified Defendants of such by checking the "NO LUNCH" box.

33.  Defendants deducted 30 minutes from Plaintiffs' work hours on a daily basis even when Defendants knew Plaintiffs had not taken a lunch that day because Plaintiffs checked the "NO LUNCH" box.

### V.  COLLECTIVE ACTION ALLEGATIONS

34.  Plaintiffs bring this lawsuit as a class action pursuant to 29 U.S.C. §§ 207 and 206(b) on behalf of the similarly situated individuals in the Class identified below.

35. Plaintiffs Vanover and Austen have consented to be included in this action. Ex. G; Ex. H.

36. The Class consists of all former, current, and future non-office employees who have worked for Defendant Unified Door at all locations, including for Defendant Hicklin, ACS Door Services of Cedar Rapids, ACS Door Services of Omaha, ACS Door Services of Lincoln, and ACS Door Services of Sioux Falls within the past three years of the date of filing this Petition, and who were subject to the policy described above of not being paid for 30 minutes per work day they worked rather than took an unpaid lunch break.

37. Plaintiffs, as employees who have not been paid time and a half for all hours worked and all hours worked in excess of 40 hours per week, are representative of an ascertainable class of similarly situated employees that is comprised of employees working on behalf of Defendant Unified Door at all its locations including for Defendant Hicklin, ACS Door Services of Cedar Rapids, ACS Door Services of Omaha, ACS Door Services of Lincoln, and ACS Door Services of Sioux Falls.

38. Upon information and belief, the similarly situated individuals likely number more than 50, the exact number of past and current similarly situated individuals being known to Defendant.

## COUNT I

## Violation of the Fair Labor Standards Act

39. Plaintiffs incorporate paragraphs 1 through 36 above as if set forth fully herein.

40. At all material times Defendants have violated the FLSA, particularly 29 U.S.C. §§ 206 and 207, by failing and refusing to (a) pay Plaintiffs and other similarly situated employees their regular rate of pay and accompanying fringe benefits for all hours of work they performed up to 40 hours per week and (b) pay them overtime, or one and a half times their regular hourly rate of pay and accompanying fringe benefits on a weekly basis for work they performed in excess of 40 hours per week as required by the FLSA for the 30 minutes of work for each work day that Plaintiffs and similarly situated employees performed instead of taking an unpaid lunch.

41. Upon information and belief, Defendants have further violated the FLSA, particularly 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to make, keep and preserve adequate and accurate records of the wages, hours and other conditions and practices of employment maintained by Defendants, in that Defendants' records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to its employees.

42. At all material times Defendants' acts and conduct complained of above have been intended by Defendants and willful.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray that this Court enter the following relief:

1. All applicable statutory and common law damages, including liquidated damages;
2. All unpaid wages, both overtime and non-overtime;
3. An order permitting this litigation to proceed as a collective action under the FLSA, pursuant to 29 U.S.C. § 216(b) on behalf of the class;

    4. An order appointing Plaintiffs and Plaintiffs' counsel to represent those individuals opting in to the collective action;

    5. An order awarding counsel for Plaintiffs reasonable attorneys' fees and costs; and

    6. Any further relief which the Court deems appropriate.

*/s/ Emily Schott Hood*

_____
EMILY SCHOTT HOOD, AT0014444
RUSH & NICHOLSON, P.L.C.
P.O. Box 637
Cedar Rapids, IA 52406-0637
Telephone (319) 363-5209
Facsimile (319) 363-6664
E-mail: emily@rushnicholson.com
ATTORNEY FOR PLAINTIFFS