IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SHANE VANOVER and AUSTEN ROBERTS on Behalf of Themselves and Others Similarly Situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNIFIED DOOR COMPANIES, L.L.C., and UNIFIED DOOR COMPANIES, L.L.C. d/b/a HICKLIN DOOR SERVICES<br><br>    Defendants. | Case No.  4:25-cv-00133-SHL-SBJ<br><br><br><br><br>DEFENDANTS' REPLY TO PLAINTIFFS' RESISTANCE TO MOTION FOR ENTRY OF PROTECTIVE ORDER |

COMES NOW Defendants, Unified Door Companies, L.L.C., and Unified Door Companies, L.L.C. d/b/a Hicklin Door Services, pursuant to Fed. R. Civ. P. 26(c)(1)(G) and for their Reply to Plaintiffs' Resistance to its Motion for Entry of General Protective Order hereby states as follows:

1. Defendants filed a Motion for Entry of Protective Order on August 12, 2025.

2. On August 26, 2025, Plaintiff's filed their resistance.

3. Defendants have continued to make a good faith effort to resolve the issues surrounding the need for a Protective Order without court intervention, but these efforts have been unsuccessful.

4. Plaintiffs have alleged that Defendants' lunch break policy violated the Fair Labor Standards Act. As part of the discovery process, Defendants anticipate that certain requests will necessitate the disclosure of confidential employment and proprietary information. Including the names and employment information of current and former employees of Defendants.

5. Defendants' motion seeks to protect confidential and proprietary information that may be disclosed during the discovery process in this litigation. The Protective Order is necessary to ensure that sensitive employment information is adequately safeguarded to protect the rights of Defendants and third-party individuals who are not part of this suit. While allowing the litigation to proceed effectively.

6. Courts in this Circuit have established that requiring an "Attorneys' Eyes Only" designation is a drastic remedy given its impact on the party entitled to that information. See *Gillespie v. Charter Comm.*, 133 F. Supp.3d 1195 (2015). A designation of material as "Attorneys' Eyes Only" is reserved for rare instances in which it is truly justified where there is no other effective alternative. *See id* at 1202. Generally, an "Attorneys' Eyes Only" designation is appropriate in cases involving trade secrets, patents, or other intellectual property. Id at 1202 (citing *Ragland v. Blue Shield of N.D.*, 2013 WL 3776495 (D.N.D. June 25, 2013). A good faith expansion of the "Attorneys' Eyes Only" precedent is appropriate based on the facts of this matter.

7. The "Attorneys' Eyes Only" designation is necessary to protect the confidentiality of potential documents to be disclosed. Contrary to Plaintiffs' assertions, Defendants are concerned that inappropriate conduct may occur should anyone other than the attorneys be provided information regarding employees of Defendants.

8. Certain employees in this case have a history of being made uncomfortable and worried for their well-being.  Upon the personal experience and upon information and belief, should confidential information concerning the names of employees be revealed to anyone other than attorneys, further undesirable behavior may occur to the detriment of Defendants and its employees.

9. The "Attorneys' Eyes Only" designation is necessary to protect highly sensitive information that, if disclosed, could cause detriment to Defendants in the course of this suit. The proposed protective order allows for such a designation only when truly justified, ensuring that it is not applied indiscriminately. Plaintiffs' resistance fails to acknowledge the necessity of protecting sensitive employment and confidential information during the discovery process.

10. Defendants have demonstrated good cause for the entry of a protective order under Federal Rule of Civil Procedure 26(c)(1), seeking to protect employees of Defendants from undue harassment. Safeguarding confidential employment information ensures the integrity of the litigation process.

11. Good cause exists for the entry of the Protective Order. Plaintiffs argue that Defendants have not shown good cause for protective order, citing a lack of specific prejudice or harm. However, Defendants have clearly articulated the need to protect confidential and proprietary information, which includes personnel-related documents and proprietary business information. The potential disclosure of such sensitive information without a protective order poses a risk of detriment to Defendants and its employees, which satisfies the requirement for good cause under Rule 26(c)(1).

12. The proposed protective Scope and Clarity of Proposed Protective Order Plaintiffs claim that the proposed protective order is overly broad and lacks clarity. Defendants' proposed order is designed to provide clear guidelines for the designation of confidential materials, with specific categories outlined to prevent overbroad application. The order includes mechanisms for challenging designations, ensuring that only genuinely confidential information is protected.

13. Defendants have articulated the need for the adoption of the Protective Order, due to the potential disclosure of personnel-related information of current employees of Defendants.

Which, if disclosed to the named Plaintiffs, could cause significant detriment to Defendants' business interests and the rights of current employees, not currently involved in this litigation.

WHEREFORE, Defendants respectfully request that the Court issue an order adopting and entering the Protective Order.

GORDON REES SCULLY MANSUKHANI

*/s/ Thomas J. Joensen*
Thomas J. Joensen  AT0003868
1701 Ruan Center
666 Grand Avenue
Telephone: (515) 204-2845
Facsimile: (515) 724-5801
E-Mail: tjoensen@grsm.com

ATTORNEYS FOR DEFENDANTS
UNIFIED DOOR COMPANIES, L.L.C.,
and UNIFIED DOOR COMPANIES, L.L.C.
d/b/a HICKLIN DOOR SERVICES

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the September 2, 2025, by:

☐ U.S. Mail         ☐ FAX
☐ Hand Delivered    ☐ UPS
☐ Federal Express   ☒ Electronic Filing
☐ Email

*/s/ Peggy Rosky*