UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SHANE VANOVER and AUSTEN ROBERTS on Behalf of Themselves and Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIFIED DOOR COMPANIES, L.L.C., and UNIFIED DOOR COMPANIES, L.L.C. D/B/A HICKLIN DOOR SERVICES,<br><br>Defendants. | Case No. 4:25-cv-00133-SHL-SBJ<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION |

### **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION**

TABLE OF AUTHORITIES

**Cases**
Babbitt v. Target Corp., 2023 WL 2540450 (D. Minn. Mar. 16, 2023) ............................ 3
Beissel v. Warren Transport, Inc., No. 24-CV-90-CJW-MAR (N. D. Iowa June 10, 2025).......... 3
Beukes v. Boehnke, 2024 WL 4380815 (D. Minn. Oct. 3, 2024) ............................ 3
Carden v. Scholastic Book Clubs, Inc., WL 2680769 (W.D. Mo. July 8, 2011)............................ 4
Clark v. A&L Homecare &Training Center, LLC, 68 F.4th 1003 (6th Cr. 2023 ............................ 2
Cupp v. MHM Health Pros., LLC, 2024 WL 549974 (E.D. Mo. Feb. 12, 2024)............................ 3
Frazier v. PJ Iowa, L.C., 337 F. Supp. 3d 848 (S.D. Iowa 2018) ............................ 6
Hoffman-LaRoche v. Sperling, 493 U.S. 165 (1989)............................ 3
Peck v. Mercy Health, 2023 WL 1795421 (E.D. Mo. Feb. 7, 2023)............................ 3
Pederson v. Trump, 2020 WL 4288316 (D. Minn. July 26, 2020)............................ 3
Phillips v. Oaklawn Jockey Club, Inc., 2024 WL 69959 (W.D. Ark. Jan. 5, 2024)............................ 3
Richards v. Eli Lilly & Co., No. 24-2574 (7th Cir. Aug. 5, 2025) ............................ 2
Robinson v. Tyson Foods, Inc., 254 F.R.D. 97 (S.D. Iowa 2008)............................ 5
Shipley v. City of Bettendorf, Iowa, 2023 WL 3680115 (S.D. Iowa Feb. 2, 2023)............................ 6
Sullivan v. Dent Wizard Int'l, LLC, 2025 WL 1489243 (E.D. Mo. May 22, 2025)............................ 3
Swales v. KLLM Transport Services, L.L.C., 985 F.3d 430 (5th Cir. 2021) ............................ 2
Tegtmeier v. PJ Iowa, L.C., 208 F. Supp. 3d 1012 (S.D. Iowa 2016)............................ 4, 5, 6

I.  **ARGUMENT**

  A.  THE EIGHTH CIRCUIT RESOUNDLY REJECTS MORE STRINGENT STANDARDS IN OTHER CIRCUITS.

Defendants request this court apply other circuit precedents in deciding whether to grant conditional certification in this matter. Eighth Circuit district courts have explicitly declined to deviate from the current two-step certification process Plaintiffs lay out in their motion, and this Court should do the same.

Defendants argue standards adopted by the Seventh Circuit Court of Appeals in Richards v. Eli Lilly & Co., No. 24-2574 (7th Cir. Aug. 5, 2025), the Fifth Circuit Court of Appeals in Swales v. KLLM Transport Services, L.L.C., 985 F.3d 430 (5th Cir. 2021), and the Sixth Circuit Court of Appeals in Clark v. A&L Homecare &Training Center, LLC, 68 F.4th 1003 (6th Cr. 2023) should be applied here such that Plaintiffs have a higher burden to meet the first stage of conditional certification than the current standard in this circuit. However, in multiple Eighth Circuit district court decisions since 2021, our courts have explicitly declined to adopt Swales and Clark.[1] The District Court for the Northern District of Iowa declined to apply the conditional certification standards in Clark or Swales as recently as June 10, 2025. See Beissel v. Warren Transport, Inc., No. 24-CV-90-CJW-MAR at 10 (N. D. Iowa June 10, 2025) ("[T]he traditional

---

[1] Peck v. Mercy Health, 2023 WL 1795421, at *3 (E.D. Mo. Feb. 7, 2023) (explicitly declining to apply the standard for conditional certification outlined in Swales, and stating "this Court is unaware of a single case from within the Eighth Circuit that applies the Swales standard… In fact, a review of the case law reveals nearly universal negative treatment of Swales by other district courts in this Circuit."); Phillips v. Oaklawn Jockey Club, Inc., 2024 WL 69959, at *2 (W.D. Ark. Jan. 5, 2024) (explicitly declining to apply Swales and applying Eighth Circuit standard despite the Clark decision the previous year); Beukes v. Boehnke, 2024 WL 4380815, at *6 (D. Minn. Oct. 3, 2024) (applying Eighth Circuit standard despite the Clark decision the previous year and denouncing the Swales standard stating "[i]t is difficult to understand how such a task [applying the Swales standard] could be undertaken before discovery occurs, although that appears to be the framework Swales endorses. Such a rigid approach is not consistent with Hoffman-LaRoche itself…"(referring to Hoffman-LaRoche v. Sperling, 493 U.S. 165 (1989)); Sullivan v. Dent Wizard Int'l, LLC, 2025 WL 1489243, at *3–4 (E.D. Mo. May 22, 2025) (declining to apply Clark and Swales); Cupp v. MHM Health Pros., LLC, 2024 WL 549974, at *2 (E.D. Mo. Feb. 12, 2024) (declining to apply Clark and Swales).

approach is apparently unanimous practice of the district courts in the Eighth Circuit, including after Swales and Clark were decided.") Eighth Circuit district courts have made clear that deviating from the traditional Eighth Circuit approach is not appropriate because the Eighth Circuit Court of Appeals itself has not held otherwise.[2] The Eighth Circuit has not ruled in favor of deviating from the traditional circuit standard after any of the outside circuit authority cited by Defendants. Defendants provide no particular reason why this court should deviate from such consistent opinions reaffirming the traditional two-step approach across the circuit, and this Court should decline to do so.

### B. DEFENDANTS' EVIDENCE SUPPORTS GRANTING CONDITIONAL CERTIFICATION.

The evidence provided by Defendants in support of their resistance further demonstrates that conditional certification is appropriate in this matter. Defendants admit in their resistance that non-office employees were given tablets to track, record, and report the start and end of day times they worked. (Defs' Resistance to Pls.' Mtn. for Conditional Certification at 3). Defendants admit that non-office employees were subject to Defendants' employee handbook. (Defs' Resistance to Pls.' Mtn. for Conditional Certification at 3). Defendants admit in their answer that Exhibit F to Plaintiffs' Petition (the employee handbook policy regarding break deductions) was Defendants' employee handbook policy.[3] Defendants admit there was a "NO

---

[2] Sullivan, 2025 WL 1489243 at *3–4 ("Until the Eighth Circuit holds otherwise, this Court will continue to apply the standard used by other district courts within the Eighth Circuit."); Cupp, 2024 WL 549974, at *2 ("Given the ongoing developments of the law in this field, the Court applies–for now–the traditional two-step approach it has long espoused."); Babbitt v. Target Corp., 2023 WL 2540450, at *4 (D. Minn. Mar. 16, 2023) ("While Target argues that Swales demonstrates a circuit splint on the issue, 'it is not clear whether one outlier circuit opinion is sufficient to demonstrate a substantial ground for difference of opinion'…[a]nd ultimately, the Court concludes that the limited caselaw Target has produced, as well as the negative treatment of Swales in this Circuit and across the country, is not enough to demonstrate a substantial ground for difference of opinion." (quoting Pederson v. Trump, 2020 WL 4288316, at *3 (D. Minn. July 26, 2020)).

[3] In their resistance Defendants state the handbook policy only deducted 30 minutes for lunch "if a full day was worked." (Defs' Resistance to Pls.' Mtn. for Conditional Certification at 3). However, the employee handbook in Plaintiff's Petition, Ex. F states "Non-office employees are allowed a 30 minute unpaid lunch break…This break

3

LUNCH" button that non-office employees could use to indicate they did not take a lunch that day. (Defs' Resistance to Pls.' Mtn. for Conditional Certification at 4). Defendants admit that at least 31 non-office employees, including named Plaintiff Shane Vanover, pressed the "NO LUNCH" button on their tablets. Defendants do not deny that 30 minutes of break time was deducted from Plaintiffs' pay for each day even though they marked "NO LUNCH" on the tablets. Defendants' own evidence and resistance demonstrate there is a putative class that were "together the victims of a single decision, policy or plan." Tegtmeier v. PJ Iowa, L.C., 208 F. Supp. 3d 1012, 1022 (S.D. Iowa 2016) (citing Carden v. Scholastic Book Clubs, Inc., WL 2680769 (W.D.Mo. July 8, 2011)).

In addition, the putative class is likely even larger than Defendants admit, making conditional certification even more appropriate. Defendants provided Plaintiffs with the Microsoft Excel version of their Exhibit 2 to their Resistance to Plaintiffs' Motion for Conditional Certification. After analyzing the data provided by Defendants in this format, Plaintiffs determined that there are actually 40 unique individuals who used the "NO LUNCH" box starting April 10, 2022.[4] Defendants' data demonstrates the "NO LUNCH" box was utilized for at least 1,781 individual shifts from April 10, 2022. These facts, along with Plaintiffs' affidavits and exhibits accompanying their motion demonstrate "some factual basis from which the court can determine if similarly situated plaintiffs exist…some evidence to support the allegations." Robinson v. Tyson Foods, Inc., 254 F.R.D. 97, 99 (S.D. Iowa 2008). Plaintiffs have also demonstrated actual interest in joining the action from putative class members. (Consent of

---

time will be deducted from your work hours on a daily basis whether you use it or not" (emphasis added). Defendants do not provide any evidence that the policy was only applied if a full day was worked.

[4] This number may be even higher because Defendants seemingly did not include the names of all employees at all locations, the data contains placeholders like "Lincoln to be determined," "Omaha to be determined," "Sioux Falls to be determined," "Cedar Rapids to be determined," and just generally "to be determined." Plaintiff is unsure how many unique individuals those descriptions represent.

4

Corey Allison; Consent of Jason Scott Lillethun; Consent of Josh Goff.) Plaintiffs have met their burden at the conditional certification stage, and Defendants' evidence only further supports such certification.

### C. DEFENDANTS IMPROPERLY ASK THE COURT TO MAKE PREMATURE DETERMINATIONS TO DENY CONDITIONAL CERTIFICATION.

Despite citing authority to the contrary, Defendants ask the Court to improperly consider the merits of the Plaintiffs' claims and make credibility determinations about Plaintiffs' evidence at this early stage. The Court should not make such inquiries at the conditional certification stage.

"Courts do not consider the merits of a plaintiff's claim in the conditional certification analysis." Tegtmeier, 208 F. Supp. 3d at 1022. Demonstrating actual violation of the FLSA "is not the question at this stage." Id. "Instead, conditional certification is appropriate so long as 'some identifiable facts or legal nexus ... bind the claims' and 'hearing the cases together promotes judicial efficiency.' While Plaintiffs do need to make a modest factual showing, it need only show that other potential plaintiffs are similarly situated with respect to the alleged FLSA violation." Frazier v. PJ Iowa, L.C., 337 F. Supp. 3d 848, 866 (S.D. Iowa 2018). Defendants improperly ask the court to deny conditional certification based on their arguments as to the merits of Plaintiffs' FLSA claim. The Court should properly decline to consider this irrelevant argument at the conditional certification stage.

Further, the Court should decline to consider Defendants' unsupported arguments regarding Plaintiffs' credibility. The court does not "make any credibility determinations with respect to the evidence presented" at the conditional certification stage. Shipley v. City of Bettendorf, Iowa, 2023 WL 3680115, at *2 (S.D. Iowa Feb. 2, 2023) (citing Tegtmeier, 208 F. Supp. 3d at 1019). Defendants' Exhibit 1 does not provide any evidence that Plaintiffs, along

5

with a putative class, were not subject to an illegal single decision, policy, or plan. Plaintiffs are not making any employment law claims. Plaintiffs' affidavits in support of their motion for conditional certification match because Plaintiffs' counsel assisted them in crafting the affidavits, not because they are not true. Defendants' Exhibit 1, and Defendants' arguments regarding credibility in their resistance, simply make generalized statements about Plaintiffs' credibility that are irrelevant to Plaintiffs' motion for conditional certification or the FLSA claims at issue in the action. The Court should properly decline to consider such generalized arguments about Plaintiffs' credibility at this conditional certification stage.

*/s/ Emily Schott Hood*

NATHAN WILLEMS, AT0009260
EMILY SCHOTT HOOD, AT0014444
RUSH & NICHOLSON, P.L.C.
P.O. Box 637
Cedar Rapids, IA 52406-0637
Telephone (319) 363-5209
Facsimile (319) 363-6664
nate@rushnicholson.com
emily@rushnicholson.com
ATTORNEYS FOR PLAINTIFFS

| Copy to:<br><br>Thomas Joensen<br>Gordon Rees Scully Mansukhani<br>tjoensen@grsm.com | CERTIFICATE OF SERVICE<br><br>I certify that this document was served upon counsel of record for each party to the action on by:<br>☐ U.S. Mail ☐ FAX<br>☐ Hand delivered ☐ Overnight courier<br>☐ Certified mail ☐ Other (Email)<br>X Electronically via EDMS for EDMS registrants<br><br>Signature: /s/ Stephanie M. Collingwood |
|---|---|