UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SHANE VANOVER and AUSTEN ROBERTS on Behalf of Themselves and Others Similarly Situated,<br><br>   Plaintiffs,<br><br>vs.<br><br>UNIFIED DOOR COMPANIES, L.L.C., and UNIFIED DOOR COMPANIES, L.L.C. D/B/A HICKLIN DOOR SERVICES,<br><br>   Defendants. | Case No. 4:25-cv-00133-SHL-SBJ |

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs Shane Vanover and Austen Roberts, on behalf of themselves and others similarly situated, move the Court for leave to amend their complaint. The proposed First Amended Complaint and Amended Exhibit G containing the affidavits of Shane Vanover and Corey Allison ("FAC") is attached to this Motion as Exhibit A. Attached as Exhibit B is a redlined comparison of the complaint with the proposed First Amended Complaint. LR 15.

Pursuant to Local Rule 7(k) Plaintiffs' counsel reports she has conferred in good faith with counsel to Defendants and Defendants' counsel do not consent to the motion. As set out more fully in the Memorandum of Points and Authorities, Plaintiff's substitution of Corey Allison for Plaintiff Austen Roberts is in the interest of justice and should be freely granted.

For the foregoing reasons and those set out in the Memorandum of Points and Authorities attached hereto, Plaintiffs respectfully move the Court for leave to file the First Amended Complaint.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT**

**I.     INTRODUCTION**

Plaintiffs are within the court-imposed deadline for amending their Complaint, so the Court should grant the motion to amend "freely" and "when justice so requires." Fed. R. Civ. P. 15. The stricter standards of Rule 16 do not apply. See <u>Midwest Medical Solutions, LLC v. Exactech U.S., Inc.</u>, 95 F.4th 604, 607 (8th Cir. 2024); Scheduling Order (ECF 17). Plaintiffs' proposed amendment substituting Corey Allison for Austen Roberts is in the interest of justice and there is no apparent or declared reason that permits denial of the motion to amend.

**II.     PROCEDURAL BACKGROUND**

The parties submitted their Joint Scheduling Order and Discovery Plan on June 12, 2025 to Chief Magistrate Judge Stephen B. Jackson, Jr. wherein the parties agreed that the deadline for motions to amend pleadings or add parties would be October 24, 2025. Trial Scheduling and Discovery Plan (ECF 15). On June 17, 2025 Magistrate Judge Jackson entered a text order setting the deadline for motions to add parties and motions for leave to amend pleadings for October 24, 2025. Scheduling Order (ECF 17).

Plaintiffs filed a motion for conditional certification on June 12, 2025. Plaintiffs' Mot. for Conditional Certification (ECF 14). Defendants filed a motion for a protective order on August 12, 2025, and the court entered an order partially granting that motion on September 4, 2025. Mot. for Protective Order (ECF 20); Order Granting in Part Defs.' Mot. for Protective Order

(ECF 27). The only other motion currently pending before the Court in this matter is Plaintiffs motion for class certification. Plaintiffs have not filed any other motion to amend in this matter, and Plaintiffs' motion to amend here is timely filed before the October 24, 2025 deadline.

### III.     ARGUMENT

**A.     Plaintiffs are within Rule 15(a)'s Liberal Amendment Standard.**

Rule 15(a)(2) states that a party may amend its pleadings with the court's leave and that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15. The United States Supreme Court has held leave to amend should be granted in the absence of any "apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). The Eight Circuit has adopted this Foman standard. Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989). The Eighth Circuit makes clear, "a motion to amend should be denied on the merits 'only if it asserts clearly frivolous claims or defenses.'" Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999) (quoting Gamma–10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir.1994)).

No such apparent or declared reason permits denial of this motion to amend. There is no undue delay because the motion has been made within the deadlines of the Scheduling Order. There is no bad faith or dilatory motive for the amendment here, nor can any be inferred from Plaintiffs' timing. The close of discovery has not been scheduled – the court reserved the right to set additional litigation deadlines following a ruling on Plaintiffs' Motion for Conditional Certification. Scheduling Order (ECF 17).  There is no repeated failure to cure deficiencies here, as Plaintiffs have not filed any previous motions to amend.

Additionally, there is no undue prejudice to the opposing party by virtue of allowing the amendment. Defendants were already aware of Mr. Allison's interest in joining the lawsuit because Plaintiffs filed Mr. Allison's signed consent to join the litigation in the event a class was certified on April 24, 2025, just a few days after Plaintiffs filed their petition. Consent of Corey Allison (ECF 8). Defendants were similarly already aware that Mr. Allison believed he had the same claim as the named Plaintiffs because of that same signed consent. Consent of Corey Allison (ECF 8). Defendants are already aware that Mr. Allison would be covered by Plaintiffs proposed class description because their own tablet data produced to Plaintiffs in initial disclosures demonstrated Mr. Allison was one of the non-office employees that checked the "No Lunch" box on the employer-provided tablets. Neither party has issued written discovery requests or taken any depositions to date. Plaintiffs are not alleging any different facts in their FAC, simply substituting Mr. Allison as a Plaintiff in the action and proposed class representative.

Finally, the amendment is not futile. A motion to amend "should be denied on the merits 'only if it asserts clearly frivolous claims or defenses.'" Becker, 191 F.3d at 908 (quoting Gamma–10, 32 F.3d at 1255). "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." Becker, 191 F.3d at 908.

Mr. Allison's claims are not clearly frivolous. He is in precisely the same posture as Mr. Vanover and Mr. Roberts and similarly impacted by the same alleged violations of the Fair Labor Standards Act. The initial disclosure data provided by Defendants demonstrate Mr. Allison was a non-office employee who utilized the "No Lunch" button on the company-provided tablets. Defendants may have a subjective belief about Mr. Allison's likelihood of

4

success on his claims, but that is not a consideration for denying Plaintiffs' leave to amend because Mr. Allison's claim is not clearly frivolous. See <u>Cortez-Melon v. Capital One Finance Institution</u>, 2019 WL 12073968 (E.D. Va) (permitting amendment while a motion to dismiss was pending).

## IV. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to amend.

Respectfully Submitted,

DATED:   October 21, 2025

*Emily Schott Hood*
_____
NATHAN WILLEMS, AT0009260
EMILY SCHOTT HOOD, AT0014444
RUSH & NICHOLSON, P.L.C.
P.O. Box 637
Cedar Rapids, IA 52406-0637
Telephone (319) 363-5209
Facsimile (319) 363-6664
nate@rushnicholson.com
emily@rushnicholson.com
ATTORNEYS FOR PLAINTIFFS

| Copy to:<br><br>Thomas Joensen<br>Gordon Rees Scully Mansukhani<br>tjoensen@grsm.com<br><br>Alexander Scanlon<br>Gordon Rees Scully Mansukhani<br>ascanlon@grsm.com | CERTIFICATE OF SERVICE<br><br>I certify that this document was served upon counsel of record for each party to the action on by:<br>☐ U.S. Mail           ☐ FAX<br>☐ Hand delivered      ☐ Overnight courier<br>☐ Certified mail       ☐ Other (Email)<br>X Electronically via EDMS for EDMS registrants<br><br>Signature: /s/ Emily Schott Hood |
|---|---|